In re Peter G. NYCHIS, Appellant.

In re Peter G. Nychis.

In re Township of Wilkins, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 18, 1998.
Decided Feb. 8, 1999.

David J. Barton, Pittsburgh, for appellant.

Susan Evashavik, Pittsburgh, for appellee.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., FLAHERTY, J., and LEADBETTER, J..

DOYLE, Judge.

The Township of Wilkins (Township) and Peter G. Nychis (Nychis) each appeal from an order of the Court of Common Pleas of Allegheny County which denied a petition to modify the Township commissioners' elected terms of office.

The Township of Wilkins is a First Class Township within Allegheny County governed by the First Class Township Code (Code).[1] Section 504 of the Code, 53 P.S. §55504, provides that in townships with less than five wards, there shall be five commissioners, that one commissioner shall be selected from each ward and that the remaining number of commissioners shall be elected at large. Further, Section 407 of the Code, 53 P.S. §55407, provides for the selection of commissioners for a term of four years to be staggered according to whether the commissioner is elected from an even-numbered ward or an odd-numbered ward.

Wilkins Township presently consists of only two wards and is governed by a Board of five commissioners, three of whom are elected at large and two of whom are elected from the Township's two wards. Initially, the Township consisted of three consecutively numbered wards. However, ward number "two" seceded from the Township sometime prior to 1951 and became the Borough of

---

1. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§55101–58502.

Churchill, which resulted in the Township being left with only the two remaining wards, **both odd numbered** and identified for election purposes as the "first" ward and the "third" ward. No attempt was made by the Township to renumber the wards after the original second ward seceded from the Township and, as a result, because both wards were odd-numbered wards, both commissioners continued to be elected at the same municipal election, contrary to Section 407 of the Code.

In 1992, however, the Allegheny County Department of Elections implemented a countywide redistricting plan, wherein districts or precincts were modified where necessary to reflect and accommodate shifting population patterns. It was during this period that an unnamed employee of the Elections Department renumbered the Township's third ward as Ward "Two." Notwithstanding this redesignation, both ward commissioners ran for office in the next municipal election, held in 1995,[2] each for a term of four years.

In 1996, Mr. Peter Nychis, the commissioner from the first ward, petitioned the Court of Common Pleas seeking to stagger the election of the ward commissioners. The effect of this proposal would have resulted in truncating the term of Mr. Victor Dinzeo, the commissioner for the newly renumbered second ward who had been elected to office for a four-year term in 1995, by forcing him to seek reelection in 1997, a mere two years later. Unfortunately, on September 23, 1996, Commissioner Dinzeo passed away and Randall Herr was appointed to fill the vacancy by the remaining commissioners, pursuant to Section 530 of the Code, 53 P.S. §55530,[3] which was an appointment for approximately one year, that is, until January 5, 1998, the first Monday in January following the 1997 municipal elections.

Prior to Commissioner Dinzeo's death, both sides deposed Mark Wolosik, Director of the Allegheny County Department of Elections. Mr. Wolosik testified that he had no personal knowledge of why or how ward three came to be redesignated as the second ward and that it never occurred to the Department of Elections to redesignate ward three as ward two as part of the 1992 countywide redistricting plan. (Memorandum Opinion of Common Pleas, December 19, 1996; Reproduced Record (R.R.) at 95a–98a.)[4] Despite the nominal redesignation in the redistricting plan officially, the Township's ward commissioners would continue to run for office in the same municipal election.

The Common Pleas Court, in a decision circulated on December 16, 1996, denied Commissioner Nychis' Petition to Modify the Election Terms of the Township's Commissioners, which, in effect, allowed the Township's apparent violation of the Code to go unresolved. On appeal to this Court, the case was first argued before a panel of the Court on September 9, 1997, on an expedited basis because of the special election scheduled for November 1997 to fill the remaining two years of Commissioner Dinzeo's term, but was subsequently ordered reargued before this Court, sitting en banc, on March 18, 1998.

█ The fundamental issue presented for our review is whether the petition of Com-

---

2. In 1997, there was a special election held to fill the seat made vacant by Commissioner Victor Dinzeo's death, for the remaining two years of his term.

3. Section 530 provides, in pertinent part:

   When a vacancy occurs in the office of township commissioner, auditor, controller, treasurer, assessor, assistant auditor, or assistant triennial assessor in any township, by reason of death, resignation, removal from the township or ward, or otherwise, the board of township commissioners of such township shall fill such vacancy by appointing by resolution a registered voter of the ward or township, as

the case may be, in which the vacancy occurs.... **In all cases, the person so appointed shall hold the office if the term thereof continues so long, until the first Monday in January after the first municipal election occurring more than sixty (60) days after the vacancy occurs, at which election an eligible person shall be elected for the remainder of the term** ....

53 P.S. §55530 (emphasis added).

4. The trial court did take into consideration the testimony of Mr. Wolosik; however, the deposition of Mr. Wolosik was stricken from the reproduced record by order of this Court, on June 25, 1997.

missioner Nychis to modify the election term of the Township commissioners to establish staggered terms of office should be granted.[5]

■ The present crucial facts therefore (now that the November 1997 municipal election has already taken place and the newly elected commissioner from the Township's old third ward, hereinafter to be the Township's second ward, has been elected for a term of only two years to complete the remaining term of deceased Commissioner Dinzeo) present to this Court a unique opportunity to fashion an equitable remedy to correct an obvious violation of the Code. Although this Court is ever mindful of the sanctity of the electoral process in this Commonwealth, we find that the circumstances surrounding the vacancy of the old third ward commissioner's position provide an opportunity to rectify the Township's unintentional violation of the Code without the need to truncate an elected officeholder's term of office.

Therefore, pursuant to Section 323 of the Judicial Code,[6] this Court directs that the term of office for the commissioner elected to represent the third ward, henceforward to be denominated **ward two**, in the election scheduled to be held on November 2, 1999, **shall be for a term of two years**, not four years as would otherwise be the case. Subsequent elections for the position of the second ward commissioner, beginning with the municipal election in 2001, shall be for a term of four years, as authorized by the Code, and in that manner, from the time of the municipal election in 1999, the commissioners from the Township's two wards, *i.e.*, ward one and ward two, shall have staggered four year terms.

The result we reach will have the effect of allowing each commissioner who previously has been elected from a ward, *i.e.*, from the Township's first ward and from its renumbered second ward, to serve until the first Monday in January 2000, pursuant to Section 502 of the Code, 53 P.S. §55502. At that time, the commissioner for the first ward will be sworn in for a new four-year term, while the commissioner from the newly minted second ward will be sworn in for a new term of two years only. We are able to reach this result and not deprive any elected official of the term to which he was elected only because of the unique circumstances of this case which arose following the death of Commissioner Dinzeo.

Order reversed.

### ORDER

**NOW**, February 8, 1999, the order of the Court of Common Pleas of Allegheny County in the above-captioned matters is hereby reversed, and the citizen elected to serve as the commissioner of Wilkins Township's third ward, henceforward denominated ward two, in the municipal election scheduled for November 2, 1999, shall serve for a term of two years. Subsequent elections shall be for the term authorized by law.

---

5. Because the facts are not in dispute and there is no disagreement as to the legal precepts, only their application, the standard of our review of the common pleas court's interpretation of the applicable statutes is plenary. *Thornburgh v. Lewis*, 504 Pa. 206, 470 A.2d 952 (1983).

6. That Section provides:
   Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.
   42 Pa.C.S. §323.